# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                    CASE NO. 6:26-cr-10078-EFM

CHARLES KARL PERRY JR.,

        Defendant.

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT 1

**POSSESSION OF A FIREARM
BY A CONVICTED FELON
[18 U.S.C. § 922(g)(1)]**

On or about February 6, 2026, in the District of Kansas, the defendant,

**CHARLES KARL PERRY JR.,**

knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year (a felony), did knowingly and unlawfully possess, in and affecting commerce, a firearm, including (1) a Smith & Wesson, model 642-2 (Airweight), .38 S&W SPL.+P caliber revolver, and (2) a Smith & Wesson, model M&P 9 Shield EZ

1

M2.0, 9mm LUGER caliber pistol, each firearm having been shipped and transported in interstate commerce.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT 2

**POSSESSION WITH INTENT TO
DISTRIBUTE FENTANYL
[21 U.S.C. §§ 841(a)(1)]**

On or about February 6, 2026, in the District of Kansas, the defendant,

**CHARLES KARL PERRY JR.,**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 3

**POSSESSION OF A FIREARM
IN FURTHERANCE OF A DRUG TRAFFICKING CRIME
[18 U.S.C. § 924(c)(1)(A)]**

On or about February 6, 2026, in the District of Kansas, the defendant,

**CHARLES KARL PERRY JR.,**

knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, as charged in Count 2.

All in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2.

2

## FORFEITURE NOTICE

1.      The allegations contained in Counts 1 through 3 this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c).

### Controlled Substances Forfeiture

2.      Upon conviction of the offense set forth in Count 2 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such offense and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense, including but not limited to:

A.      A Smith & Wesson, model 642-2 (Airweight), .38 S&W SPL.+P caliber revolver, bearing serial number CMK9022;

B.      A Smith & Wesson, model M&P 9 Shield EZ M2.0, 9mm LUGER caliber pistol, bearing serial number RHM5098; and

C.      Accompanying Ammunition.

### Firearms and Ammunition Forfeiture

3.      Upon conviction of one or more of the offenses set forth in Counts 1 through 3 of this Indictment, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to:

3

A.    A Smith & Wesson, model 642-2 (Airweight), .38 S&W SPL.+P caliber revolver, bearing serial number CMK9022;

B.    A Smith & Wesson, model M&P 9 Shield EZ M2.0, 9mm LUGER caliber pistol, bearing serial number RHM5098; and

C.    Accompanying Ammunition.

All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

A TRUE BILL.

May 19, 2026                          s/Foreperson
DATE                                 FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ *Oladotun O. Odeyemi*
OLADOTUN O. ODEYEMI
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: ola.odeyemi@usdoj.gov
Ks. S. Ct. No. 29178

IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

4

## PENALTIES

**Count 1:    922(g)(1) –**
**[Possession of a Firearm by a Convicted Felon]**

- Punishable by a term of imprisonment of not more than fifteen (15) years.  18 U.S.C. § 924(a)(8).
- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 2:    21 U.S.C. § 841(a)(1) and (b)(1)(C)**
**[Possession with Intent to Distribute Fentanyl]**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 841(b)(1)(C)
- A term of supervised release of at least three (3) years.  21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than thirty (30) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 3:    18 U.S.C. § 924(c)**
**[Possession of a Firearm in Furtherance of a Drug Trafficking Crime]**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life.  18 U.S.C. § 924(c)(1)(A)(i).  This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).  If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of

not less than twenty-five (25) years and not more than life.  18 U.S.C. § 924(c)(1)(C)(i).

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).
- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.